UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHARLES HUYCK,

                    Plaintiff,

          v.                                                    Case No. 21-cv-1448-bhl

MILWAUKEE AREA TECHNICAL COLLEGE,

                    Defendant.

## ORDER DISMISSING CASE

In this action against Milwaukee Area Technical College (MATC), Plaintiff Charles Huyck attempts to state claims for retaliation and fraud. MATC has moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6). Because Huyck's vague allegations do not comport with federal pleading requirements, MATC's motion will be granted.

## BACKGROUND ALLEGATIONS[1]

Plaintiff Charles Huyck commenced undergraduate nursing studies at Milwaukee Area Technical College (MATC) in 2021. (ECF No. 1 at 3.) During his first two semesters, he consistently earned As and Bs in his courses. (*Id.*) He also recorded "the highest score in the history of MATC" in Health Education Systems Incorporated. (*Id.*) His performance was apparently enough to make a clinical professor feel "very threatened." (*Id.*) The professor warned students that she would fail them if they did not support Black Lives Matter and proceeded to flunk a non-Black female student with a 3.95 GPA. (*Id.*) The professor then failed Huyck for "all non-nursing syllabus objectives," including making a bed too slowly. (*Id.* at 4.) A different professor announced to Huyck and his classmates who was going to fail the program. (*Id.* at 5.) She also told students to turn a blind eye to elder abuse. (*Id.*) And she also gave Huyck a bad grade. (*Id.*)

Huyck subsequently filed a complaint with the State of Wisconsin Department of Health Services, alleging poor patient care and lack of COVID compliance protocols within MATC's

---

[1] These Background Allegations come from Huyck's complaint. As explained below, the well-established standard applicable to a motion to dismiss requires that these allegations be taken as true with all reasonable inferences drawn in Huyck's favor. *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016) (citing *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013)).

program. (*Id.* at 4.) He also raised these complaints with "MATC's Dean, HR Vice-President, and President of MATC." (*Id.*) And he complained to the Accreditation Commission for Education in Nursing (MATC's accrediting body) as well. (*Id.*) He was then failed in two more courses, and his GPA eventually dropped to a 1.03 out of 4. (*Id.*) At some point, Huyck filed a grade appeal, which was rejected, and he was dismissed from MATC. (*Id.*) He was later asked to reapply and stay out a semester, but he decided against this. (*Id.*)

## LEGAL STANDARD

When deciding a Rule 12(b)(6) motion to dismiss, the Court must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiffs' favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016) (citing *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013)). A complaint will survive if it "state[s] a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But if a complaint does not clearly indicate which defendants are liable under which counts, it must be dismissed for failure to comply with Fed. R. Civ. P. 8. *Davis v. Anderson*, 718 F. App'x 420, 424 (7th Cir. 2017); *see Crenshaw v. Antokol*, 206 F. App'x 560, 563 (7th Cir. 2006) (upholding dismissal of complaint where it was difficult to tell what claims were raised, and the complaint was "replete with confusing language, redundancies, and irrelevant material"). Further, Fed. R. Civ. P. 9(b) imposes "heightened pleading requirements" for fraud claims. *United States ex rel. Hanna v. City of Chicago*, 834 F.3d 775, 778 (7th Cir. 2016). Put simply, the complaint must allege "the who, what, when, where, and how." *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 507 (7th Cir. 2007).

## ANALYSIS

Huyck's complaint attempts to plead claims for retaliation and fraud. But neither legal ground is properly alleged. Therefore, Defendant's motion to dismiss will be granted.

I. **Huyck's Complaint Fails to Identify or Explain a Legal Theory that Would Permit His Retaliation Claim.**

Huyck's complaint invokes this Court's diversity jurisdiction under 28 U.S.C. §1332(a) and thus alleges both that the amount in controversy exceeds $75,000 and that the action is between citizens of different states. (ECF No. 1 at 3.) As Defendant notes, this must mean his retaliation claim is based on state law; he would have no need to invoke diversity jurisdiction if one of his

claims arose under federal law. (ECF No. 11 at 5.) Huyck confirms this interpretation in his response brief, explaining that his retaliation claim is indeed based on Wisconsin common law. (ECF No. 15 at 1.) This is problematic, however, because Wisconsin common law does not recognize a claim of retaliation.

Huyck cites to a slew of cases that he argues support his ability to raise a common law retaliation claim. None of these cases stand for the proposition he claims. Huyck first points to *Schaul v. Kordell*, 773 N.W.2d 454 (Wis. Ct. App. 2009), and *Masri v. State of Wisconsin Labor and Indus. Review*, 832 N.W.2d 139 (Wis. Ct. App. 2013). Neither case helps him. *Schaul* involved a retaliation claim brought pursuant to Wisconsin's elder abuse statute, decidedly not common law. And the retaliation claim in *Masri* was based on Wisconsin's health care worker protection statute, also not common law. Huyck next cites *E.E.O.C. v. C.G. Schmidt, Inc.*, 670 F. Supp. 2d 858 (E.D. Wis. 2009), *Kohler v. Brennan*, 238 F. Supp. 3d. 1112, 1115-16 (E.D. Wis. 2017), and *Friso v. Dyncorp Int'l, LLC*, No. 13-C-1351, 2015 WL 1311473, at *12 (E.D. Wis. Mar. 24, 2015). All three cases arose under Title VII of the Civil Rights Act of 1964, so they also do not support the existence of a Wisconsin common law claim for retaliation. Lastly, Huyck cites *Bigbee v. Nalley*, No. 07-C-71-C, 2007 WL 1502170, at *1 (W.D. Wis. May 21, 2007). There, the Court actually dismissed a plaintiff's retaliation claim for shortcomings coextensive with those seen in this case. In other words, that citation supports *Defendant's* argument, not Huyck's.

Nothing in the complaint, briefing, or general history of the law identifies a basis to assert a state common law claim of retaliation. Accordingly, Huyck's first legal theory fails as a matter of law and must be dismissed.

## II.    Huyck's Complaint Also Does Not Properly State a Claim for Fraud.

To state a claim for fraud, a complaint must include allegations that indicate the defendant made "a false representation of fact . . . with intent to defraud and reliance by the injured party on the misrepresentation." *Loula v. Snap-On Tools Corp.*, 498 N.W.2d 866, 868 (Wis. Ct. App. 1993). Huyck's complaint alleges certain contemptible behavior. (*See* ECF No. 1 at 3, 5 (claiming one professor threatened to fail students who did not support Black Lives Matter and another professor announced who was going to fail her class and told students to ignore elder abuse within the nursing program)). But unprofessional, even potentially criminal, statements are not fraudulent representations. Huyck's complaint seems to suggest that his clinical professor *actually did* flunk a student for opposing the Black Lives Matter movement. (*Id.* at 3.) Whether professors should

be allowed to condition nursing degrees on fervent support for burgeoning social movements is not a question before this Court but assuming Huyck's professor did make support of Black Lives Matter a determinative part of the curriculum, the complaint suggests she did so openly and notoriously, not through material misrepresentation. Similarly, there is no allegation that Huyck's other professor misrepresented who would fail her class. She may have embarrassed particular students, but if she told the truth (as the complaint suggests), she did not defraud anyone. The complaint therefore fails to articulate any claim of fraud.[2]

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6) (ECF No. 10) is **GRANTED**, and the case is **dismissed**. Should Plaintiff wish to proceed with his case, he must file an amended complaint that properly alleges claims against Defendant on or before **April 21, 2022**.

Dated at Milwaukee, Wisconsin on April 6, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

[2] The Court notes that the complaint also fails to plead fraud with the specificity required by Fed. R. Civ. P. 9(b). Huyck alleges only that nameless professors made certain, apparently true, statements. (ECF No. 1 at 3, 5.) The chronology is also muddled. (*Id.* at 3-5.) Accordingly, the Court could also dismiss the fraud claim under Rule 9(b).